*In re* DENNIS R. BALES, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ROBERT BALES *et al.*, Respondents-Appellants.)

Third District   No. 79-826

Opinion filed April 30, 1980.

Thomas O. Meyer, of Rockford, for appellants.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The respondents-appellants, Robert and Della Bales, are the natural parents of Dennis R. Bales, a minor child who is the subject of this appeal. In the Circuit Court of Kankakee County the natural parents were found to be unfit, their parental rights were terminated, and a guardian of the person of the minor was appointed and empowered to consent to adoption of the minor. The order of the trial court was the result of a hearing on a petition by Kathy Hesson, child welfare worker of the Illinois Department of Children and Family Services, for adoptive rights which alleged that the natural parents were unfit. The trial court found that the natural parents were unfit for the reason that they failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of their son. The natural parents have perfected this appeal, raising only one issue: Whether the trial court erred in finding that the allegations of unfitness contained in the petition for adoptive rights was proved by clear and convincing evidence.

Unfitness has been defined by the Adoption Act (Ill. Rev. Stat. 1977, ch. 40, par. 1501(D)), which in part states:

> "D. 'Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the grounds of such unfitness being any one of the following:
> * * *
>
> (b) Failure to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare;
> * * * *"

The unfitness of a parent must be proved by clear and convincing evidence. (*In re Love* (1977), 50 Ill. App. 3d 1018, 366 N.E.2d 139; *In re Hrusosky* (1976), 39 Ill. App. 3d 954, 351 N.E.2d 386.) "Clear and convincing evidence means proof which should leave no reasonable doubt in the mind of the trier of the facts concerning the truth of the matter in issue." *In re Jones* (1975), 34 Ill. App. 3d 603, 607, 340 N.E.2d 269, 273.

In summary the evidence presented in this case established that the minor Dennis R. Bales was born on February 21, 1965, and was found to be neglected on March 18, 1965. At this same time five other children of Robert and Della Bales were also adjudicated neglected and removed from their parents' home. Within a year after their removal the five siblings of Dennis R. Bales were returned to their parents. Only the minor involved in this appeal was not returned. He remained in the home of his

foster parents, Mr. and Mrs. LaVerne Schroeder, who are the brother-in-law and sister of the natural father, respectively. The natural parents were aware of the placement of their son and where he resided. However, after his placement in the Schroeder foster home they had very little contact with him and did not contribute to his support. Although the Schroeder's had a telephone in their home the parents failed to call about their son. The mother sent one letter and two cards to him and both cards were sent after the filing of the petition for adoptive rights. They failed to send him a birthday card or presents. They did send a Christmas present on two occasions, but significantly one of these was sent again after the petition for adoptive rights was filed.

Kathy Hesson set up a meeting between Robert and Della Bales and the foster parents in 1976. At this meeting a visitation schedule was established for the natural parents. Three visits were scheduled to occur every other month, and the visits were not to be supervised by the Department of Children and Family Services. The natural parents attended the first two scheduled visits but not the third. A later meeting was scheduled between social workers, the natural parents and the foster parents in December of 1976, but did not occur because of bad weather. The Department did not contact the natural parents thereafter to set up additional visitation or to review the prior visitation due to the transfer of Kathy Hesson and other administrative problems within the Department. Kathy Hesson could not testify to the interaction between the child and his natural parents prior to 1975. The evidence is not contradicted that there was a complete absence of contact between the natural parents and Dennis in 1978. In 1977 there was only one contact between the natural parents and Dennis. It was an accidental meeting, at the 25th wedding anniversary party for a sister of the natural father and Mrs. Schroeder, the foster parent. The natural parents did not contact the social worker to request visitation during 1976 or 1977. The case worker, Kathy Hesson, testified that she felt it was in the best interest of the child not to contact the natural parents after 1976 and that is the reason she did not seek to establish additional visitations.

The natural parents had moved from Livingston County sometime after the minor's birth and ultimately lived in Rockford at the time of the hearing appealed from. They cited the distance necessary to travel for visits with their son, financial difficulties, and the fact that their automobile was in need of repair as excuses for their not visiting with Dennis during the years involved.

After having reviewed the evidence contained in the record, we believe that the trial court's finding of unfitness is supported by clear and convincing evidence. (*In re Ice* (1976), 35 Ill. App. 3d 783, 342 N.E.2d 460.) The natural parents contend that the Department of Children and

Family Services interfered with and helped to create the lack of visitation between appellants and their son. Relying upon *In re Taylor* (1975), 30 Ill. App. 3d 906, 334 N.E.2d 194, *In re Gibson* (1975), 24 Ill. App. 3d 981, 322 N.E.2d 223, and *In re Overton* (1974), 21 Ill. App. 3d 1014, 316 N.E.2d 201, they argue that the Department should not be allowed to use its own shortcomings which caused the lack of visitation as a ground for terminating the parents' residual rights to their son Dennis. We believe the cases relied upon are factually distinguishable from the case at bar. While we do not condone the apparent administrative inefficiency that occurred in this case, we do not believe it was a causal factor in the lack of contact between parents and child. There were no affirmative official acts which were intended or which obviously frustrated the parents' attempts at contacting their son. The present case is not one where the Department prevented parental visitation and then alleged unfitness based upon the same lack of visitation. This is a case wherein the natural parents simply disregarded the child.

In addition to arguing that the Department set up a passive obstruction to visitation, the appellants have also claimed that the Department failed to advise them of their rights and obligations under the Adoption Act and that such a failure to explain the need to maintain consistent contact with the child resulted in their failure to maintain contact with him. (*In re Barber* (1977), 55 Ill. App. 3d 587, 371 N.E.2d 299.) We do not believe that the failure to maintain a reasonable amount of contact with their son over the length of time involved in this case resulted from the Department's failure to warn them of the consequences of their inaction. Rather, the parental unfitness alleged and supported by the record demonstrates that it resulted from the appellants' voluntary refusal to show a reasonable degree of concern and responsibility toward their son for perhaps as long as 10 years.

Accordingly, we conclude that the evidence of parental unfitness in this case has been established by clear and convincing evidence. The judgment of the Circuit Court of Kankakee County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.